UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

YAMEL CUEVAS GONZALEZ                                        PETITIONER

V.                                    CIVIL ACTION NO. 3:25-CV-938-KHJ-MTP

UNITED STATES OF AMERICA, et al.                            RESPONDENTS

ORDER

This matter is before the Court sua sponte for case management purposes. For the reasons below, the Court dismisses this case without prejudice.

Pro se Petitioner Yamel Cuevas Gonzalez ("Cuevas")[1] is incarcerated with the Bureau of Prisons. Pet. [1] at 2. He initiated this habeas action on December 8, 2025. *Id.* at 1. The next day, the Court ordered him to either pay the filing fee or apply for leave to proceed in forma pauperis ("IFP") by January 8, 2026. Order [2]. Having received no response, on January 27, the Court ordered him to either pay the fee, apply to proceed IFP, or show cause why the Court should not dismiss the case for failure to comply with a Court Order. O.S.C. [4]. The response was due February 10. *Id.* Cuevas failed to respond, so the Court entered a final Order to Show Cause, giving him one more chance to comply. O.S.C. [5] at 1.[2] But he has still not responded or otherwise contacted the Court.

---

[1] Petitioner calls himself "Mr. Cuevas" in his [1] Petition. *See* [1] at 1. So the Court will refer to him as "Cuevas" for consistency.

[2] The [2, 4, 5] Orders were mailed to Cuevas's address of record and were not returned as undeliverable.

The Court has the authority to dismiss an action for a petitioner's failure to prosecute or comply with a court order under Federal Rule of Civil Procedure 41(b) and its inherent authority to control its cases. Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). The Court need not wait for a party to raise this issue but may dismiss an action sua sponte to "clear [its] calendar[] of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link*, 370 U.S. at 630. This inherent authority arises from the Court's need to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31.

The Court has given Cuevas multiple chances to comply, but he has not responded or otherwise contacted the Court. The Court therefore DISMISSES this case without prejudice under Rule 41(b) for failure to prosecute and obey Court Orders. The Court will issue a separate final judgment consistent with this Order. The Clerk of Court shall mail this Order and the final judgment to Cuevas at his address of record.

SO ORDERED, this 26th day of March, 2026.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE

2